UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASILIKI GERONDIDAKIS, INDIVIDUALLY,
AND ON BEHALF OF ALL OTHER
SIMILARLY SITUATED WHO CONSENT
TO THEIR INCLUSION IN A COLLECTIVE
ACTION;
Plaintiff,

Case No.: 8:12-cv-00096-EAK-MAP

VS.

BL RESTAURANT OPERATIONS, LLC.;
AND BL RESTAURANTS HOLDING, LLC;
Defendants,

_____/

### ORDER ON MOTIONS

The Defendants BL Restaurant Operations, LLC and BL Restaurants Holding, LLC have filed

a motion for miscellaneous relief alleging that Plaintiff Vasiliki Gerondidakis has engaged in

improper advertising. (Doc. 12). The Plaintiff has also filed a motion seeking leave to amend

her complaint to add additional plaintiffs and defendants. (Doc. 14). The Defendants oppose the

addition of Defendant BL Restaurants Group Holding Corp (BLRG). (Doc. 21). Defendants'

motion is **GRANTED** in part, and Plaintiff's motion is **GRANTED.**   The following facts are

gleaned from the Plaintiff's original complaint. (Doc. 1).

### Background and Procedural Posture

The Plaintiff alleges that the Defendants violated the Fair Labor Standards Act (FLSA) by

paying less than minimum wage. (Doc. 1, ¶ 50). The FLSA allows employers to pay less than

minimum wage so long as the employees are tipped properly. However, the Plaintiff alleges that,

since January 17, 2009, the Defendants had an invalid "tip-out" policy. (*Id.* at ¶ 2). The policy

required all servers to tip two percent of their sales to bartenders, and required the bartenders to share both this "tip-out," and additional tips, with managers and general managers. (*Id.* at ¶¶ 22, 23). According to the Plaintiff, the managers and general managers were not legally qualified to participate in the tip pool. (*Id.* at ¶¶ 27-36). Because of this, the Plaintiff claims she, and other similarly situated employees, were unlawfully paid less than minimum wage. (*Id.* at ¶ 20).

The Plaintiff also alleges that Defendants violated the FLSA by requiring employees to work without compensation. The Plaintiff claims the Defendants had a practice of requiring employees to work "off the clock" during Bar Louie's closing. (*Id.* at ¶¶ 6, 42).

The Plaintiff pleads this case on behalf of herself and other servers and bartenders of Bar Louie with whom she seeks to form a collective class. (*Id.* at ¶ 43). Additional plaintiffs seeking to join the suit include Zagie Butters, Rowena Flores, William Ibister, Tonia Simon, Duane Grace, Brenda McKee, and Melissa Begley. (*Id.* at ¶ 7; Doc. 14, 2).

## MOTION FOR MISCELLANEOUS RELIEF

### Statement of Facts

The following facts are gleaned from the Defendants' motion for Miscellaneous Relief (Doc. 12), Plaintiff's Response (Doc. 21), and Defendants' Reply to the Response. (Doc. 26).

The Defendants allege that on March 1, 2012, the following advertisement, or one substantially similar, was available through salesspider.com, jobhustler.com, youferral.com, irazoo.com, restaurantbar.com, workcircle.com, facebook.com, twitter.com, and the Jobs section of craigslist.org sites in Florida, Ohio, Michigan, and Illinois:

> Bar Louie Bartenders and Servers call on wage lawyers to file tip-pooling lawsuit;
> National FLSA lawsuit by Bar Louie employees seeks class action status.
>
> http://www.barlouietiplawsuit.com/

We represent the plaintiffs in this matter, and we are currently seeking witnesses who have first-hand experience with Bar Louie's tip pooling practices.

Location: [Columbus, Cleveland, Ann Arbor, Chicago, Tampa, Orlando, Fort Myers, etc.]

Compensation: recover money damages if the case is successful

Principals only. Recruiters, please don't contact this job poster.
Please, no phone calls about this job!

Please do not contact job poster about other services, products or commercial interests.

(Defendants' Exhibit A).  The Defendants contend that this advertisement is deceptive and misleading (Doc. 12, 1), a contention the Plaintiff denies.  (Doc. 21, 4).  The Plaintiff concedes, however, that the advertisement "may be misconstrued."  (*Id.* at 7, 8).  Plaintiff also notes that the advertisement was posted by the Director of Marketing.  (*Id.* at 8*)*.  The Court appreciates lawyers who recognize the contributions of their staff.  However, it regrets that such recognition seems to occur most often when the staff errs.  That issue notwithstanding, Plaintiff's counsel have removed the advertisements from craigslist.org.  (Plaintiff's Exhibit D).  Plaintiff's counsel also deny responsibility for posting the advertisement on "ghost sites" like salesspider.com and jobhustler.com, which apparently reposted Plaintiff's Craigslist advertisement independently.  (Doc. 21, 2); (Plaintiff's Exhibit E).  As of July 3, 2012, the Court has confirmed Defendants' contention that some "ghost site" advertisements remain online.  (Doc. 26, 1).

The Defendants request that the Court: limit the Plaintiff's present and future advertisement regarding the case, have the Plaintiff provide a list of witnesses and prospective plaintiffs who have contacted Plaintiff's counsel regarding the case, strike any witnesses or plaintiffs obtained through deception or misrepresentation, strike the Plaintiff's class allegations, award attorney's fees, and refrain from participating in any future notice to prospective opt-in plaintiffs.  (Doc. 12,

14). The Court will limit specific elements of Plaintiff's present and future advertisements, but all other requests are, for now, denied.

## Discussion of Miscellaneous Relief

This case involves a collective class under the FLSA. 29 USC §§ 201-209. To clarify, this is not a typical Rule 23 class action. *But see (*Doc. 1, 1); (Defendants' Exhibit A). Collective classes and class actions differ in several ways: (1) Collective classes only need to be "similarly situated", and need not meet the requirements of Fed. R. Civ. P. 23(a)(1-4), (2) collective class plaintiffs must "opt in" to the suit, and (3) the statute of limitations does not toll for potential collective class members when the original action is filed. Kristin M. Stastny, *Eleventh Circuit Treatment of Certification of Collective Actions Under the Fair Labor Standards Act: A Remedial Statute Without a Remedy?,* 62 U. MIAMI L. REV. 1191, 1202-03 (2008).

Courts have discretion when certifying collective classes, although the Eleventh Circuit recommends a two-stage approach. *Hipp v. Liberty Nat'l Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir. 2001). Under this approach, the plaintiff first moves for conditional certification and court-supervised notice. *See Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330 (M.D. Fla. 2007), *Bobbitt v. Broadband Interactive, Inc.* 2012 WL 1898636 (M.D. Fla. 2012). The court then makes a preliminary finding on whether the class appears similarly situated from the parties' pleadings and affidavits. *Hipp,* 252 F.3d at 1218. If the class meets this relaxed standard, the court will conditionally certify the class, allow similarly situated plaintiffs to opt in, and supervise notice. *Id.* After discovery and with more evidence on the record, the court will then entertain a defendant's motion to decertify the class. If the class is not similarly situated, then the original plaintiff must proceed alone. *Id.* (citing *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995)).

When limiting a lawyer's misleading advertisements, Courts are mindful of First Amendment rights. *Maddox v. Knowledge Learning Corp.*, 499 F.Supp. 2d 1338, 1343 (N.D Ga. 2007); *see also Gulf Oil Co. v. Bernard,* 452 U.S. 89, 103-04 (1981). Lawyer advertisements are protected by the First Amendment as commercial speech. *Fla. Bar v. Went for It*, 515 U.S. 618, 623 (1995). However, under *Central Hudson*, "the government may freely regulate commercial speech that… is misleading." *Id.* at 623-24 (citing *Cent. Hudson Gas & Elec. Corp. v. Public Serv. Comm'n*, 447 U.S. 557, 563-64 (1980)). When limiting lawyers' misleading advertisements, Courts consider the following factors: "the severity and the likelihood of the perceived harm; the precision with which the order is drawn; the availability of a less onerous alternative; and the duration of the order." *Kleiner v. First Nat'l Bank,* 751 F.2d 1193, 1206 (11th Cir. 1985). Courts should base any limitation on a "clear record and specific findings." *Gulf Oil Co.,* 452 U.S. at 101.

To balance lawyers' First Amendment rights against the harm of misleading advertisements, Courts issue an order restricting misleading advertisements, but do not forbid advertising altogether. *Maddox* 499 F.Supp. 2d at 1345; *see also Taylor v. CompUSA, Inc.*, 2004 U.S. Dist. LEXIS 14520 (N.D. Ga., 2004). In *Maddox*, a plaintiff in an FLSA lawsuit published a website with several factually inaccurate, unbalanced, or misleading statements. *Maddox* 499 F.Supp. 2d at 1341. The website presented disputed allegations as fact, misrepresented who was eligible to join the suit, implied that potential plaintiffs must retain a specific lawyer, and implied that the employer in the case was likely to retaliate against potential opt-ins. *Id.* The Court ordered the plaintiff to correct errors and prohibited the plaintiff from making any future inaccurate or misleading statements. *Id.* at 1344-45. However, the Court did not recuse itself from supervising future notice. *Id.* at 1345.

The Florida Bar does not allow lawyers to "make or permit to be made" deceptive or misleading advertisements. Fla. R. Prof. Cond. 4.7.6(d); *see also Id.* at 4.7.2(b). It requires that advertisements contain the name of a lawyer and a location where the lawyer practices. *Id.* at 4-7.2(a)(1-2). It holds lawyers responsible for work done by non-lawyers in their employ. *See Id.* at 4-5.3. It also forbids lawyers from compensating witnesses contingent on a case's success. *Id.* at 4-34(b). The Middle District's Local Rules require lawyers to follow the Florida Bar's standards. M.D. Fla. Local Rules 204(d).

The Defendants' motion contains five separate reasons for considering the Plaintiff's advertisements deceptive or misleading. (Doc. 12, 7-9).

(1) The Craigslist advertisements were posted in the Jobs section, even though they did not offer jobs. Plaintiff's counsel point out that the Jobs section of Craigslist frequently contains similar posts not offering jobs. (Doc. 21, 6). However, the organizations making these posts are presumably not under a professional obligation to avoid misleading advertisements. Advertisements in the Jobs section of Craigslist that do not offer jobs could easily mislead, so the Plaintiff should refrain from advertising there in the future.

(2) The advertisements offer "money damages" to witnesses if the case is successful. This statement is misleading, since a witness's compensation cannot be contingent on the success of the case. Future advertisements should avoid any such implications.

(3) The advertisement claims the Plaintiff seeks class action status. However, the suit really involves a collective class, so Plaintiff's counsel should refrain from referring to the suit as a class action in advertisements. As the Defendants point out, eligible opt-ins might not opt in if they believe the suit is a traditional class action. (Doc. 12, 8). They would then be in danger of losing their claims once the statute of limitations runs. The distinction between

collective class and class action may not be obvious to the advertisement's audience, but it is still one lawyers ought to note in communications with the public.

(4) The Plaintiff's website mentions the Bar Louie restaurant chain, though the Plaintiff pled her case against only some of the Bar Louie-associated companies. Given the trouble outsiders may have in discerning corporate ownership, the Plaintiff's difficulty in pleading her case against the intended parties is understandable. However, it is no excuse for inaccuracy. Plaintiff's advertisements should not imply that entities not named in the suit are defendants, and should list only named defendants.

(5) Finally, the Defendants contend that the Plaintiff's advertisement "clearly" tries to "purchase opt-in plaintiffs." (Doc. 12, 3-4). However, the language of the advertisement seeks witnesses, not opt-ins. Additionally, even if the advertisement sought to "purchase" opt-in plaintiffs, it would not be misleading. Opt-in plaintiffs would, as a matter of law, be entitled to damages if their claims were successful.

The advertisement will probably bring potential opt-in plaintiffs to Plaintiff's counsel's attention, though. This is permissible, so long as Plaintiff's counsel ensure that the potential opt-ins have not been misled or deceived. It is not obvious why the Defendants contend that Plaintiff's counsel will submit opt-ins or proffer witnesses "without proper investigation into the propriety of their claims." (Doc. 12, 4). However, both the Court and the Defendant will have an opportunity to screen potential opt-ins and witnesses. Fed. R. Civ. P. 26(b)(1). Also, Plaintiff's counsel are obligated to investigate the propriety of any claims submitted. Fed. R. Civ. P. 11(b).

The Court finds one additional correction: the advertisements should contain names and locations for Plaintiff's counsel. Otherwise, Plaintiff's website appears to comply with *Maddox* and the relevant ethical guidelines.

Additionally, if Plaintiff's counsel are not responsible for posting advertisements on "ghost sites" like salespider.com or jobhustler.com, they may be unable to change or remove the misleading content. If this is the case, they should mitigate any harm done by shutting down the barlouietiplawsuit.com URL. Plaintiff remains free to reopen the website at a different URL after making the changes required by this order.

Finally, the Court will not, at this juncture, recuse itself from involvement in future notice. If Plaintiff so wishes, she may move the Court to conditionally certify the collective class and supervise notice. *See Dybach v. Fla. Dep't of Corrections,* 942 F.2d 1562, 1567 (11th Cir. 1991), *Vondriska,* 564 F. Supp. 2d 1330.

### MOTION FOR LEAVE TO AMEND COMPLAINT

The Plaintiff seeks leave to amend her complaint to add defendants BL Restaurants Group Holding Corp. (BLRG), Restaurants America Consulting Group, Inc., 701 America Inc. (f/k/a Bar Louie America, Inc.), 706 Development, Inc. (f/k/a Bar Louie Development, Inc.), and Concepts America, Inc., and name additional plaintiffs. (Doc. 14, 2). The Defendants contend that adding BLRG would be futile, since BRLG did not employ the Plaintiff and thus is not liable under the FLSA. (Doc. 21, 2). However, the Plaintiff has pled facts sufficient to state a plausible claim against BLRG.

### Standard of Review

Since the proposed amendment was filed more than 21 days after the complaint was originally served, the Plaintiff seeks the Court's leave to amend. Fed. R. Civ. P. 15(a). Leave is

freely granted "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave may be denied when a proposed amendment is futile. *Foman v. Davis* 371 U.S. 178, 182.  An amendment is futile when it is subject to dismissal. *Coventry First, LLC v. McCarty*, 605 F. 3d 865, 870 (11th Cir. 2010) (*citing Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).  A claim is subject to dismissal under 12(b)(6) when it does not show, with "a short, plain statement of the facts", that "the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When considering a claim's dismissal, Courts examine the claimant's pleading, and disregard mere legal conclusions and recitations of the elements of a cause of action. *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).  They then take the remaining facts as true. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  The claim survives if the remaining facts lead to an inference of liability that is plausible, rather than merely possible. *Iqbal,* 556 U.S. at 678.  A plaintiff need not plead detailed factual allegations, but must plead enough to show that discovery is reasonably likely to reveal relevant evidence. *Twombly,* 550 U.S. at 555, 570.

### Discussion of Motion for Leave to Amend

The FLSA's minimum wage requirements apply only to employers. 28 U.S.C. § 206(a).  The FLSA defines employer broadly, setting aside the traditional common law definition. *Aimable v. Long and Scott Farms,* 20 F.3d 434, 439 (11th Cir. 1994).  An employer can be any entity acting "in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).  An employee is anyone "employed by an employer." 29 U.S.C. § 203(e)(1).  To employ is "to suffer or permit to work." 20 U.S.C. § 203(g).  An entity "suffers or permits" an individual to work if, as a matter of economic reality, the individual is dependent on the entity. *Anteror v. D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996).

When examining economic reality, courts examine the factual circumstances, and consider factors including "whether an alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodman*, 113 F.3d 202, 206 (11th Cir. 1997). The FLSA definition of "employ" is meant to include employers who do not have a direct supervisory role. *Anteror* 88 F.3d at 933.

Two entities may act as the employer of a single individual under a theory of joint employment. 29 C.F.R § 719.2 (2012). When employers act independently and are "completely dissociated," they are not joint employers. *Id.* But when facts establish that "employment by one employer is not completely disassociated from employment by the other employer(s)" or "one employer controls, is controlled by, or is under common control with the other employer," then joint employment may exist. *Id.* Joint employment is also subject to the economic reality test. *Cornell v. CF Ctr. LLC*, 410 Fed Appx. 265, 268 (11th Cir., 2011). The economic reality test "turns on no formula, but the court will consider factors such as control, supervision, right to hire and fire, ownership of work facilities, investment, and pay-roll decisions." *Id.*

However, two entities are not joint employers merely in virtue of engaging in a joint enterprise. *Patel v. Wargo,* 803 F.2d 632, 634, 635 (11th Cir. 1986). Additionally, merely pleading common ownership and participation in a joint enterprise does not state a plausible claim that a holding corporation is an employer under the FLSA. *Rogers v. Kar Holdings, Inc.*, 2008 U.S. Dist. LEXIS 68151, (M.D. Fla. 2008); *see also Lane v. Capital Acquisitions & Mgmt. Co.*, 2007 U.S. Dist. LEXIS 14007 (S.D. Fla. 2007). Nevertheless, participation in a joint

enterprise may be relevant in determining whether an entity is an employer.  *See Patel,* 803 F.2d at 637, (*interpreting Donovan v. Janitorial Services, Inc.*, 672 F.2d 528, 531 (5th Cir.1982)).

Facts from the Plaintiff's complaint supporting BLRG's being an employer include: (1) that BLRG was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest, and/or predecessor in interest to some or all of the other Defendants, (2) that BLRG is the sole owner of BL Restaurants Holding LLC, and (3) that BLRG knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided, and abetted the conduct of all other defendants.  (First Amended Complaint ¶¶ 29, 31-32).

Plaintiff's factual allegations directly support none of *Villareal's* four economic reality factors.  However, when viewed in a favorable light, Plaintiff's allegation that BLRG authorized, ratified, and controlled the conduct of the other Defendants lends plausibility to the contention that BLRG and the Defendants are joint employers.  Given that BLRG authorized and controlled the Defendants' conduct, and that Defendants employed the Plaintiff as a matter of economic reality, it may be inferred that BLRG was also the Plaintiff's employer as a matter of economic reality.  This inference is plausible enough for discovery against BLRG to proceed.

Additionally, the language of the FLSA supports BLRG's being an employer.  Authorization and control suggest that BLRG "suffers or permits" the Plaintiff to work, and thus could employ her.  Authorization and control also suggest that BLRG and the Defendants are "not completely disassociated" from one another, and thus could be joint employers.  BLRG's position as an owner, parent corporation, and controlling shareholder in a joint venture also supports BLRG's being a joint employer, although this factor is not dispositive for BLRG's employer status.  Accordingly, it is

**ORDERED** that Defendants' Motion for Miscellaneous Relief is **GRANTED** in part, and **DENIED** in all other respects. Plaintiff is ordered to conform advertisements to the Court's proscriptions within 30 (thirty) days of this date. Also, Plaintiff's motion for leave to amend the complaint is **GRANTED**. Plaintiff has ten days from this date to submit the amended complaint.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 12th day of July, 2012.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to: All parties and counsel of record.