**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

VASILIKI GERONDIDAKIS, DUANE
GRACE; BRENDA MCKEE AND MELISSA
BEGLEY; Individually, and on behalf of All
Other Similarly Situated Who Consent to
Their Inclusion in a Collective Action ;
        Plaintiffs,

vs.

BL RESTAURANT OPERATIONS,
LLC.; BL RESTAURANTS HOLDING,
LLC; BL RESTAURANTS GROUP
HOLDING CORP.; RESTAURANTS-
AMERICA CONSULTING GROUP,
INC.;  701 AMERICA INC. (f/k/a BAR
LOUIE AMERICA, INC.); 706
DEVELOPMENT, INC. (f/k/a BAR
LOUIE DEVELOPMENT, INC.); 100
TRADEMARK, INC. and CONCEPTS
AMERICA, INC.;

Case No.: 8:12-cv-00096-EAK-MAP

        Defendants,
_____/

**FIRST AMENDED COMPLAINT**

Plaintiff, VASILIKI GERONDIDAKIS ("GERONDIDAKIS"); DUANE GRACE ("GRACE"); AND BRENDA MCKEE ("MCKEE"); MELISSA BEGLEY ("Begley" or together with all other Plaintiffs "PLAINTIFFS"), individually and on behalf of all others similarly situated who consent to their inclusion in this class action, hereby file this Complaint against Defendants, BL RESTAURANT OPERATIONS, LLC.; BL RESTAURANTS HOLDING, LLC.; BL RESTAURANTS GROUP HOLDING CORP.; RESTAURANTS-AMERICA CONSULTING GROUP, INC.; 701 AMERICA INC.; 706 DEVELOPMENT, INC.; and CONCEPTS AMERICA, INC.; and allege as follows:

**INTRODUCTION**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers..." 29 U.S.C. §202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips, 29 U.S.C §203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. Id. In order to apply a tip credit toward an employee's minimum wage, an employer must satisfy two conditions: (i) The employer must inform the employee that it will take a tip credit; and (ii) tipped employees must retain all the tips they receive, except those tips included in a valid tipping pool among employees who customarily and regularly receive tips. Id.

3. Defendants violated the FLSA by requiring its bartenders to participate in an invalid tip pool, whereby bartenders must contribute a percentage of their tips to the Defendant's managers and general managers who do not customarily and regularly receive tips.[1]

---

[1] "The FLSA expressly prohibits employers from participating in employee tip pools. "Congress, in crafting the tip credit provision of section 3(m) of the FLSA did not create a middle ground allowing an employer both to take the tip credit and share employees' tips." *Chung v. New Silver Place Rest., Inc.*, 246 F.Supp.2d 220, 230 (S.D.N.Y.2002); *Wajcman v. Investment Corp. of Palm Beach,* No. 07-80912-CIV, 2008 WL 783741, *3 (S.D.Fla. March 20, 2008) ("The theory here is that employees who exercise substantial managerial authority over the day to day operations of the business are functionally the 'employers' themselves"). Where employers participate in a tip pool, the pool is invalid." *See Strange v. Wade,* WL 3522410 (S.D.Ohio 2010)

4. Defendants, violated the FLSA by requiring its bartenders to participate in an invalid tip pool, whereby bartenders must contribute a percentage of their 'tip-outs" to the Defendant's managers and general managers who do not customarily and regularly receive tips.

5. Defendants violated the FLSA by requiring its servers to participate in an invalid tip pool, whereby servers must contribute a percentage of their tips to the Defendants' managers and general managers who do not customarily and regularly receive tips.[2]

6. Accordingly, PLAINTIFFS brings this collective action on behalf of all similarly situated employees who may choose to opt into this action pursuant to §216(b) of the FLSA who have been paid less than the minimum wage and have been forced to participate in an invalid tip pool requiring them to share tips with the employer and employees who do not customarily and regularly receive tips. PLAINTIFFS along with all other Opt-in Plaintiffs who have consented to join this action and filed opt-in notices with the Court already, consent to this collective action pursuant to 29 USC 216(b).

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. §201, et seq.

8. Plaintiff's claims arise under §§ 29 U.S.C. 203(m), 206, and 216(b) of the FLSA.

---

[2] "[T]he practice of forced sharing of tips with management is ... an illegal practice, regardless [of] whether or not the members of management were engaged in restaurant services that could be the subject of tipping." *Chung v. New Silver Palace Restaurant, Inc.,* 246 F.Supp.2d 220, 229 (S.D.N.Y. Sept.13, 2002) (noting that tip sharing with management "violates the statutory Condition that 'all tips' received by the [employees] be 'retained' by the [employees]").

9. This Court has personal jurisdiction over this action because the Defendants were and are engaged in a business enterprise conducting business within the state of Florida.

10. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. 1391(b) because the acts complained of herein took place in this District and Plaintiffs worked in the State of Florida for the Defendants within the territory of the Middle District of Florida.

## THE PARTIES

**The Representative Plaintiffs**

11. **Plaintiff, Vasiliki Gerondidakis** is a resident of Pasco County, Florida. At all times relevant to this action, GERONDIDAKIS worked as a server and a bartender at the Defendants' Bar Louie restaurant located in Tampa, Florida from January 2007 through the present.

12. GERONDIDAKIS received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.[3]

13. Pursuant to policy and plan, while working as a server, GERONDIDAKIS was required to pay a percentage of her tips to the bartending staff at the end of each shift (a/ka "Tip-Outs"). GERONDIDAKIS did in fact "tip out" the bartending staff at the end of each shift as a server. In turn, the bartending staff was required to share a percentage of "tip outs" with managers.

14. Pursuant to policy and plan, while working as a bartender, GERONDIDAKIS was required to pool and share her tips and "tip outs" with other bartenders.

---

[3] The applicable minimum wage in the State of Florida was $7.21/hr (January 1, 2009 through July 23, 2009); $7.25/hr (July 24, 2009 through May 31, 2011) and $7.31/hr (June 1, 2011 through December 31, 2011).

4

GERONDIDAKIS was required to pool and share a percentage of her tips and "tip outs" with managers.

15. **Plaintiff, Duane Grace** is a resident of Orange County, Florida. At all times relevant to this action, GRACE worked as a server and a bartender at the Defendants' Bar Louie restaurant located in Orlando, Florida from November 2008 through June 2010; and again from June 2011 through the present.

16. GRACE received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.

17. Pursuant to policy and plan, while working as a server, GRACE was required to "tip out" or pay a percentage of his tips to the bartending staff at the end of each shift. GRACE did in fact "tip out" the bartending staff at the end of each shift as a server. In turn, the bartending staff was required to share a percentage of "tip outs" with managers.

18. Pursuant to policy and plan, while working as a bartender, GRACE was required to pool and share his tips and "tip outs" with other bartenders. GRACE was required to pool and share a percentage of his tips and "tip outs" with managers.

19. **Plaintiff, Brenda McKee,** is a resident of Orange County, Florida. At all times relevant to this action, MCKEE worked as a bartender at the Defendants' Bar Louie restaurant located in Orlando, Florida from December 2008 through May 2011.

20. MCKEE received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage.

21. Pursuant to policy and plan, while working as a bartender, MCKEE was required to pool and share her tips and "tip outs" with other bartenders. MCKEE was required to pool and share a percentage of her tips and "tip outs" with managers.

22. **Plaintiff, Melissa Begley,** is a resident of Orange County, Florida. At all times relevant to this action, BEGLEY worked as a server and a bartender at the Defendants' Bar Louie restaurants located in Dayton Ohio, and Orlando, Florida from December 2006 through December 2011.

23. Throughout her employment with Defendants, BEGLEY received biweekly paychecks which indicate compensation at an hourly rate less than the minimum wage for all hours that she worked at both the Dayton and Orlando restaurants.

24. Pursuant to policy and plan, while working as a server at the Dayton location, Begley was required to "tip out" or pay a percentage of her tips to the bartending staff at the end of each shift. Begley did in fact "tip out" the bartending staff at the end of each shift as a server. In turn, the bartending staff was required to share a percentage of "tip outs" with managers.

25. Pursuant to policy and plan, while working as a server at the Orlando location, Begley was required to "tip out" or pay a percentage of her tips to the bartending staff at the end of each shift. Begley did in fact "tip out" the bartending staff at the end of each shift as a server. In turn, the bartending staff was required to share a percentage of "tip outs" with managers.

26. Pursuant to policy and plan, while working as a bartender at the Orlando location, Begley was required to pool and share her tips and "tip outs" with other bartenders.

Begley was required to pool and share a percentage of her tips and "tip outs" with managers.

27. At all times relevant to this action, GERONDIDAKIS, GRACE, MCKEE and BEGLEY, and all other similarly situated opt-in servers and bartenders were employees of Bar Louie within the meaning of 29 U.S.C. § 203(e)(1).

**Defendants**

28. **Defendant, BL Restaurants Group Holding, Corp., ("BLRG")** is a for profit corporation organized and existing under the laws of Delware, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026. BL Restaurants Group Holding Corp.'s Registered Agent for Service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

29. BLRG is the sole owner of Defendant BL Restaurants Holding, LLC., and is an affiliate of Sun Capital Partners, Inc. (*See Dkt #7)*

30. Upon information and belief, BLRG is an enterprise engaged in interstate commerce with gross sales in excess of $500,000.00.

31. Upon information and belief, BLRG was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to all matters alleged.

32. Upon information and belief, BLRG acted pursuant to and within the scope of the relationships alleged above, so that BLRG was endowed with the authority to hire/fire employees and direct human resources decisions including but not limited to employee scheduling policies, employee compensation policies and record keeping requirements [4].

33. Pursuant to the exercise of common control and ownership of BL Restaurant Operations, LLC., BLRG is an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

34. **Defendant, BL Restaurants Holding, LLC., ("BLRH")** is a for profit corporation organized and existing under the laws of Delaware, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026. BL Restaurants Holding, LLC's Registered Agent for Service is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

35. BLRH is the sole owner of Defendant BL Restaurant Operations, LLC., and is an affiliate of Sun Capital Partners, Inc. (*See Dkt #7*)

36. Upon information and belief, BLRH is an enterprise engaged in interstate commerce with gross sales in excess of $500,000.00.

37. Upon information and belief, BLRH was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation,

---

[4] An "entity 'employs' a person if it 'suffers or permits' the individual to work." *Martinez-Mendoza v. Champion Intern. Corp.,* 340 F.3d 1200, 1207 (11th Cir.2003). "An entity 'suffers or permits' an individual to work if, as a matter of economic reality, the individual is dependent on the entity." *Id.* at 1208. The "economic reality test includes inquiries into whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997).

8

successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to all matters alleged.

38. Upon information and belief, BLRH acted pursuant to and within the scope of the relationships alleged above, so that BLRH was endowed with the authority to hire/fire employees and direct human resources decisions including but not limited to employee scheduling policies, employee compensation policies and record keeping requirements.

39. Pursuant to the exercise of common control and ownership of BL Restaurant Operations, LLC., BLRH is an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

40. **Defendant, BL Restaurant Operations, LLC., ("BLRO")** is a for profit corporation organized and existing under the laws of Delaware, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026. BL Restaurant Operations LLC's Registered Agent for service is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida, 33324.

41. BLRH and Sun Capital Partners, Inc. formed the wholly owned BLRO in January 2010 for the purpose of perfecting an asset purchase agreement/acquisition of the Bar Louie restaurant business from Defendants 701 America, Inc., 706 Development, Inc., 100 Trademark, Inc., and Concepts America, Inc.

42. On or about May 30, 2010, the newly formed BLRO acquired the Bar Louie national restaurant business pursuant to an asset purchase agreement for a purchase price of $35.8 million dollars.

43. Upon the completion of the acquisition, BLRO maintained a seamless continuity of business and operation of the Bar Louie restaurants. BLRO continued to operate a chain of forty nine (49) restaurants nationwide under the trade name Bar Louie. Post-acquisition, BLRO continued substantially all of the Bar Louie restaurant locations; maintained substantially all of the same employees, managers and restaurant staff; controlled the terms and conditions of employment for the Plaintiffs and similarly situated employees and enforced and maintained the unlawful practice of requiring/allowing managers to share in the server and bartender tip pools.

44. BLRO acted pursuant to and within the scope of the relationships alleged above, so that BLR) knew or should have known about, and authorized, ratified, adopted, approved, controlled, aided and abetted the unlawful conduct of Defendants 701 America, Inc., 706 Development, Inc., 100 Trademark, Inc., and Concepts America, Inc.

45. Pursuant to the exercise of control of the terms and conditions of Plaintiffs employment, BLRO is an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

46. For the purposes of this pleading, BLRG, BLRH and BLRO are collectively referred to as "BL RESTAURANTS" or together with all other Defendants "BAR LOUIE" or "DEFENDANTS".

47. **Defendant, Restaurants-America Consulting Group, Inc., ("RACG")** is a business entity organized under the laws of Illinois, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026.

48. **Defendant, 701 America, Inc. ("701 AMERICA"),** was formerly known as Bar Louie America, Inc., and is a business entity organized under the laws of Illinois, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026.

49. **Defendant, 706 Development, Inc. ("706 DEVELOPMENT"),** was formerly known as Bar Louie Development, Inc., and is a business entity organized under the laws of Illinois, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026.

50. **Defendant, 100 Trademark, Inc., ("100 TRADEMARK"),** was formerly known as Bar Louie Trademark, Inc., and is a business entity organized under the laws of Illinois, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026.

51. **Defendant, Concepts America, Inc., ("CONCEPTS")** was formerly known as Restaurants Development Inc., and is a business entity organized under the laws of Illinois, with its principle place of business located at 1840 Pickwick Avenue, Suite A, Glenview, IL 60026.

52. For the purposes of this pleading, RACG, 701 AMERICA, 706 DEVELOPMENT, 100 TRADEMARK AND CONCEPTS are collectively referred to as "RESTAURANTS AMERICA", or together with all other Defendants "BAR LOUIE" or "DEFENDANTS".

53. On or before May 30, 2010, RESTAURANTS AMERICA owned and operated a chain of forty nine (49) restaurants nationwide under the trade name Bar Louie.

54. At all relevant times relevant hereto through May 30, 2010, RESTAURANTS AMERICA employed the Plaintiffs and similarly situated employees; exercised control over the wages, hours and working conditions of Plaintiffs and similarly situated servers and bartenders.

55. At all relevant times hereto through May 30, 2010, RESTAURANTS AMERICA instituted and maintained an unlawful practice of requiring/ allowing managers to share in the server and bartender tip pools.

56. Pursuant to the exercise of control of the terms and conditions of Plaintiffs employment, RESTAURANTS AMERICA is an "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA, 29 U.S.C. § 203.

57. Upon information and belief, at all relevant times, RESTAURANTS AMERICA was engaged with some or all other Defendants, in an enterprise engaged in interstate commerce with gross sales in excess of $500,000.00.

## GENERAL ALLEGATIONS

58. Plaintiffs, and similarly situated servers and bartenders receive biweekly paychecks which indicate an hourly rate less than the minimum wage.

59. At all times relevant hereto, and for a three (3) year period immediately preceding the filing of this suit, Defendants took advantage of FLSA's tipped employees tip credit, paying Plaintiffs and similarly situated class members a wage that is less than the required Minimum Wage pursuant to the FLSA.

60. At all times relevant hereto, and for the three (3) year period immediately preceding the filing of this suit, BAR LOUIE instituted a nation-wide mandatory tip pool policy.

61. The tip pool policy required that all servers turn over (a.k.a. 'tip-out') a percentage of their tips to bartenders staffed during that shift. The bartenders for that shift were then required to pool the 'tip-outs' and share the "tip outs" with other bartenders, managers and general managers scheduled to work that bartending shift.

62. In addition, the tip pool policy required that BAR LOUIE bartenders pool any tips received directly from bar patrons. Pursuant to the mandatory tip pool, these 'bucket tips' were to be shared between bartenders, managers and general managers scheduled to work that bartending shift. [5]

63. At the end of each shift, Bar Louie servers and bartenders each individually receive a "Check Out" report which shows the amount of tips they individually earned for that shift. However, Plaintiff and other servers and bartenders were not allowed to review or access their Check Out reports for previous days worked, or for a single pay period.

64. Aside from their paystubs, Plaintiff and other similarly situated employees have never received documentation or a proper explanation regarding the tip pool and tip credit disbursement. Simply stated, they have not been provided the proper notice as required by law to allow the Defendants to lawfully claim a tip credit under the FLSA.

65. Upon information and belief, BAR LOUIE paid its managers a salary below industry average. To competitively compensate its managers, BAR LOUIE institutionalized a

---

[5] Bar Louie's Tip Pool and bartender tip sharing policy was in place as described above until November 2011.

practice of regularly scheduling managers for 'bartending shifts' to compensate managers for the shortfall.

66. During their 'bartending shifts', corporate policy required that managers participate in the mandatory tip pool along with servers and bartenders. The tip pool money received by managers was intended to make up for any shortfall in managers' base compensation.

67. However, when managers were scheduled for 'bartending shifts', they were not fully relieved from managerial duties and were required to co-mingle their managerial duties with their 'bartending shifts'. Therefore managers were unable to fully and adequately perform the duties of a bartender.

68. The General Manager, Bar Manager, Front of House Manager and Marketing Managers all regularly received compensation from the tip pool pursuant to BAR LOUIE's tip pool policy.

69. A BAR LOUIE General Manager is responsible for each location's profitability, and oversight of all managerial aspects of each BAR LOUIE location.

70. The Bar Manager is responsible for bartender scheduling, inventory and ordering, designing and running promotions and vendor relations.

71. The Front of House Manager is responsible for server oversight, handling complaints and all matters related to dining room service.

72. The Marketing Manager is responsible for setting server schedules, support staff scheduling and management, and special events and marketing initiatives.

73. The Bar Manager, Front of House Manager and the Marketing Managers regularly rotated job duties. All these managers had responsibilities for hiring and firing,

adjusting/manipulation of payroll and tips, scheduling and performing as Manager on duty. These managers are/were responsible for opening the restaurant, closing the restaurant; receipt reconciliation and tip sharing computation and administration.

74. At all times material hereto, the Bar Manager, Front of House Manager and the Marketing Managers were salaried employees, are scheduled to work 40 hours or more per week, make their own schedules, have the capacity to hire, fire, and schedule other employees, can adjust/manipulate hours for payroll, and receive tips from the tip pool in addition to their salary.

75. Bar Louie does not claim a tip credit for managerial staff.

76. According to the FLSA, a valid tip pool may not include employees who do not customarily and regularly received tips.[6] Further, see *Chan v. Sung Yue Tung, Corp.,* 2007 WL 313483 at *12-13 (finding that owners, officers, and managers of the restaurant unlawfully participated in the server tip pool). See also, *Morgan v. SpeakEasy,* 625 F. Supp. 2d 632 (N.D. Ill. Sept. 20, 2007); *Dominguez v. Don Pedro,* 2007 U.S. Dist. LEXIS 6659 (N.D. Ind. Jan. 25, 2007).

77. Where a tipped employee is required to contribute to a tip pool that includes employees who do not customarily and regularly receive tips, the employee is owed all tips he or she contributed to the pool in addition to repayment of the applicable minimum wage.

78. Because the Plaintiff, and other similarly situated employees, have not been permitted to retain all of their tips and have been forced to participate in an invalid tip pool arrangement, the Defendants have not been eligible to claim the "tip credit"

---

[6] Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA)

against the minimum wage and thus is obligated to pay all employees the full minimum wage.

79. In addition, the Defendant has not complied with its obligations to inform or properly notice employees of the tip credit.

## COLLECTIVE ACTION ALLEGATIONS

80. Plaintiffs bring this action as a collective action pursuant to the Fair Labor Standards Act § 216(b), on behalf of themselves and a class of persons consisting of "All servers and bartenders who have worked as a server at any BAR LOUIE location between January 17, 2009 and the date of final judgment in this case who elect to opt into this matter."

81. The claims of the Representative Plaintiffs are typical of the claims of the class members.

82. The number of proposed Class is so numerous that a joinder of all members is impractical though the precise number of class individuals is presently in the sole possession of the Defendant.

83. Plaintiffs will fairly and adequately represent and protect the interests of the proposed Collective Class members. Plaintiffs have retained counsel competent and experienced in complex class and collective actions along with employment litigation. There is no conflict between the Plaintiffs and the Class members.

84. Common questions of law and fact exist as to the proposed Collective Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a. whether Defendants policy required managers to collect tips that were earned by and intended for Plaintiffs and the Class;

    b. whether Defendant's policy of failing to pay workers has been instituted willfully or with reckless disregard of the law; and

    c. the nature and extent of class-wide injury and the measure of damages for those injuries.

85. Collective representation is superior to other available methods for the fair and efficient adjudication of the controversy for a number of reasons including but not limited to the following: the case challenges the policy of a large employer, and many employees may be reluctant to bring claims individually for fear of retaliation; some class members may have only worked for the Defendant for a short period of time and their individual damages would not be substantial enough to be worth the cost and effort of bringing individual claims; many class members will not have the resources to bring their claims individually; and it would be highly inefficient to require each employee affected by the practices challenged herein to bring his or her own individual claim.

## COUNT I
### Failure to Pay Minimum Wage in Violation of the FLSA

86. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy nine (79) supra, as if fully set out herein.

87. The Defendants' conduct in failing to pay all of its employees the appropriate minimum wage and inappropriate claiming of the "tip credit," as set forth above, violates the FLSA, 29 U.S.C. § 201, et seq. and particularly § 206 and § 216.

88. The Defendants have wrongfully retained tips which should not be property of the employer.

89. The Defendants also violate the law by allowing managers and other non-tipped employees to keep tips from the tip pool.

90. Further, Defendants have not complied with its obligation to inform its employees that it was taking a tip credit against them and give them proper notice regarding the same.

91. Because of the Defendants' failure to comply with the law on tip credits it has lost its ability to claim a tip credit and the Class is entitled to the full cash minimum wage plus those unlawfully retained and/or distributed tips.

92. This claim is brought on behalf of a class of similarly situated individuals, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

WHEREFORE Representative Plaintiffs respectfully requests that judgment be entered in their favor, awarding them and all similarly situated employees:

a. An order designating this action as a collective action and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to §216(b) and that notice be sent to all past and present employees of the Defendant at any time during the three year period immediately preceding the filing of this suit, through and including the date of this Court's issuance of the Court Supervised Notice.

b. The difference between what class was paid and the full minimum wage for each hour worked during which the tip pool was out of compliance and unlawful;

c. Restitution for all gratuities which the employees were deprived, including but not limited to all "gratuities" paid to the Defendant's managers during the applicable time period;

d. An equal amount to all the damages in the form of liquidated damages as allowed under the FLSA;

e. Reasonable attorney's fees, costs, and expenses of this action as provided by the 29 USC 216(b); and

f. Any such legal and equitable relief that this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated this 16th day of July, 2012.

                                                    Respectfully Submitted,

                                                 **/s Benjamin L. Williams**
                                                **Benjamin L. Williams**
                                                FL Bar No: 0030657
                                                **Feldman Fox & Morgado PA**
                                                2701 N Rocky Point Dr
                                                Suite 1000
                                                Tampa FL 33607-5925
                                                (t) 866-490-6218
                                                (p) 813-902-3186
                                                (f) 813-639-9376

**Mitchell L. Feldman**
FL Bar No: 0080349
**Feldman Fox & Morgado PA**
2701 N Rocky Point Dr
Suite 1000
Tampa FL 33607-5925
(t) 866-490-6218
(p) 813-902-3186
(f) 813-639-9376

Trial Counsel and Attorneys for the Representative Plaintiffs, and the Putative Classes

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 16, 2012, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to:

Anne Marie Estevez
Athalia E. Lujo
David H. Hill
200 South Biscayne Boulevard
Suite 5300
Miami, Florida 33131-2339


        /s/ Benjamin L. Williams
   BENJAMIN L. WILLIAMS

4852-6782-2096, v. 1