UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:12-cv-00096-EAK-MAP

VASILIKI GERONDIDAKIS, DUANE
GRACE; BRENDA MCKEE AND MELISSA
BEGLEY; Individually, and on behalf of All
Other Similarly Situated Who Consent to Their
Inclusion in a Collective Action,

        Plaintiffs,

v.

BL RESTAURANT OPERATIONS, LLC.; BL
RESTAURANTS HOLDING, LLC; BL
RESTAURANTS GROUP HOLDING CORP.;
RESTAURANTS-AMERICA CONSULTING
GROUP, INC.; 701 AMERICA, INC. (f/k/a
BAR LOUIE AMERICA, INC.); 706
DEVELOPMENT, INC. (f/k/a BAR LOUIE
DEVELOPMENT, INC.); 100 TRADEMARK,
INC. and CONCEPTS AMERICA, INC.

        Defendants.

_____/

## DEFENDANT BL RESTAURANT OPERATIONS, LLC AND BL RESTAURANTS HOLDING, LLC'S ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants BL Restaurant Operations, LLC and BL Restaurants Holding, LLC

(collectively "Defendants") hereby file their Answer and Defenses to Plaintiffs Vasiliki

Gerondidakis, Duane Grace, Brenda McKee, and Melissa Begley's ("Plaintiffs") First Amended

Complaint ("FAC") (ECF No. 29), responding by corresponding numbers to each of the

numbered paragraphs in Plaintiffs' FAC.  For convenience, Defendants use the same headings,

designations, and paragraph numbers used by Plaintiffs in their FAC but do not admit the

substance of any headings/designations.

1

**INTRODUCTION**

1.      The allegations set forth in Paragraph 1 of the FAC regarding the design and goals of the Fair Labor Standards Act ("FLSA") consist of statements of law to which no response is required.

2.      The allegations set forth in Paragraph 2 of the FAC regarding tip credits under the FLSA consist of statements of law to which no response is required.

3.      Defendants deny the allegations set forth in Paragraph 3 of the FAC.  The allegations set forth in footnote 1 of the FAC regarding tip pools under the FLSA consist of statements of law to which no response is required.

4.      Defendants deny the allegations set forth in Paragraph 4 of the FAC.

5.      Defendants deny the allegations set forth in Paragraph 5 of the FAC.  The allegations set forth in footnote 2 of the FAC regarding tip pools under the FLSA consist of statements of law to which no response is required.

6.      Defendants acknowledge that Plaintiffs purport to bring a collective action against the named defendants pursuant to § 216(b) of the FLSA and that Plaintiffs and others have filed opt-in consent forms with the Court.  Defendants deny, however, the remaining allegations set forth in Paragraph 6 of the FAC, and specifically deny that: (a) Plaintiffs suffered any actionable harm for which Defendants are liable; (b) Plaintiffs are entitled to any relief from Defendants whatsoever; (c) this action is appropriate for collective action treatment; and (d) there are others who are "similarly situated" to Plaintiffs.

**JURISDICTION AND VENUE**

7.      The allegations set forth in Paragraph 7 of the FAC regarding subject matter jurisdiction consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants admit that this Court has subject matter jurisdiction.

2

8.    Defendants acknowledge that Plaintiffs purport to bring their claims under 29 U.S.C. §§ 203(m), 206, and 216(b), but deny that: (a) Plaintiffs suffered any actionable harm for which Defendants are liable; (b) Plaintiffs are entitled to any relief from Defendants whatsoever; (c) this action is appropriate for collective action treatment; and (d) there are others who are "similarly situated" to Plaintiffs.

9.    Defendants admit that they are engaged in business within the state of Florida. The remaining allegations set forth in Paragraph 9 of the FAC regarding personal jurisdiction and the existence of a "business enterprise" consist of legal conclusions to which no response is required.

10.    Defendants admit that Plaintiff worked for BL Restaurant Operations, LLC in the state of Florida within the territory of the Middle District of Florida.  Defendants deny that Plaintiffs worked for BL Restaurants Holding, LLC, or BL Restaurants Group Holding Corp., and deny that the acts complained of in the FAC occurred.  Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs worked for the other named defendants.  The remaining allegation set forth in Paragraph 10 of the FAC regarding venue consists of a legal conclusion to which no response is required.  To the extent a response is deemed necessary, Defendants admit that venue is proper in the Middle District of Florida.

## THE PARTIES

11.    Defendants admit that Plaintiff Vasiliki Gerondidakis worked in BL Restaurant Operations, LLC's Bar Louie Restaurant located in Tampa, Florida, as a server and/or bartender from May 30, 2010 to present.  Defendants deny that BL Restaurants Holding, LLC, or BL Restaurants Group Holding Corp. own a Bar Louie restaurant in Tampa, Florida.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Vasiliki Gerondidakis'

3

allegation regarding her residence and, therefore, deny that allegation set forth in Paragraph 11 of the FAC.   Defendants deny the remaining allegations set forth in Paragraph 11 of the FAC.

12.      Defendants admit that Plaintiff Vasiliki Gerondidakis was paid biweekly, and that at least some of Plaintiff Vasiliki Gerondidakis' paychecks indicated an hourly rate less than the Florida minimum wage.   The allegations set forth in footnote 3 of the FAC regarding minimum wage consist of statements of law to which no response is required.

13.      Defendants deny the allegations set forth in Paragraph 13 of the FAC.

14.      Defendants deny the allegations set forth in Paragraph 14 of the FAC.

15.      Defendants admit that Plaintiff Duane Grace worked in BL Restaurant Operations, LLC's Bar Louie Restaurant located in Orlando, Florida, as a server and/or bartender from May 30, 2010 to present.   Defendants deny that BL Restaurants Holding, LLC, or BL Restaurants Group Holding Corp. own a Bar Louie restaurant in Orlando, Florida.   Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Duane Grace's allegation regarding his residence and, therefore, deny that allegation set forth in Paragraph 15 of the FAC. Defendants deny the remaining allegations set forth in Paragraph 15 of the FAC.

16.      Defendants admit that Plaintiff Duane Grace was paid biweekly, and that at least some of Plaintiff Duane Grace's paychecks indicated an hourly rate less than the Florida minimum wage.

17.      Defendants deny the allegations set forth in Paragraph 17 of the FAC.

18.      Defendants deny the allegations set forth in Paragraph 18 of the FAC.

19.      Defendants admit that Plaintiff Brenda McKee worked in BL Restaurant Operations, LLC's Bar Louie Restaurant located in Orlando, Florida, as a bartender from May 30, 2010 to May 22, 2011.   Defendants deny that BL Restaurants Holding, LLC, or BL

4

Restaurants Group Holding Corp. own a Bar Louie restaurant in Orlando, Florida.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Brenda McKee's allegation regarding her residence and, therefore, deny that allegation set forth in Paragraph 19 of the FAC.   Defendants deny the remaining allegations set forth in Paragraph 19 of the FAC.

20.     Defendants admit that Plaintiff Brenda McKee was paid biweekly, and that at least some of Plaintiff Brenda McKee's paychecks indicated an hourly rate less than the Florida minimum wage.

21.     Defendants deny the allegations set forth in Paragraph 21 of the FAC.

22.     Defendants admit that Plaintiff Melissa Begley worked in BL Restaurant Operations, LLC's Bar Louie Restaurants located in Orlando, Florida as a server and/or bartender from May 30, 2010 to January 23, 2012.   Defendants deny that BL Restaurants Holding, LLC, or BL Restaurants Group Holding Corp. own a Bar Louie restaurant in Orlando, Florida or Dayton, Ohio.  Defendants lack knowledge or information sufficient to form a belief as to Plaintiff Melissa Begley's allegation regarding her residence and, therefore, deny that allegation set forth in Paragraph 22 of the FAC.   Defendants deny the remaining allegations set forth in Paragraph 22 of the FAC.

23.     Defendants admit that Plaintiff Melissa Begley was paid biweekly, and that at least some of Plaintiff Melissa Begley's paychecks indicated an hourly rate less than the Florida minimum wage.

24.     Defendants deny the allegations set forth in Paragraph 24 of the FAC.

25.     Defendants deny the allegations set forth in Paragraph 25 of the FAC.

26.     Defendants deny the allegations set forth in Paragraph 26 of the FAC.

27.     Defendants deny that Plaintiffs or any of the individuals who have filed opt-in consent forms with the Court worked for BL Restaurants Holding, LLC, or BL Restaurants Group Holding Corp.  Defendants also deny that Plaintiffs or any of the individuals who have filed opt-in consent forms with the Court worked for BL Restaurant Operations, LLC before May 30, 2010.  Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiffs worked for the other named defendants.   Finally, the allegations set forth in Paragraph 27 of the FAC regarding employee status under the FLSA consist of legal conclusions to which no response is required.

**Defendants**

28.     Defendants admit that BL Restaurants Group Holding Corp. is a for profit corporation organized and existing under the laws of Delaware.  Defendants deny that BL Restaurants Holding, LLC's principal place of business is in Glenview, Illinois.  Defendants deny that BL Restaurants Group Holding, Corp.'s registered agent in Florida is correctly identified.

29.     Defendants admit that BL Restaurants Group Holding Corp. owns 100% of the membership interests of BL Restaurants Holding, LLC.  Defendants deny the remaining allegations set forth in Paragraph 29 of the FAC.

30.     Defendants deny that BL Restaurants Group Holding Corp. has gross sales in excess of $500,000 per year.  The allegations set forth in Paragraph 30 of the FAC regarding interstate commerce consist of legal conclusions to which no response is required.

31.     Defendants deny the allegations set forth in Paragraph 31 of the FAC.

32.     Defendants deny the allegations set forth in Paragraph 32 of the FAC. The allegations set forth in footnote 4 of the FAC regarding employment under the FLSA consist of statements of law to which no response is required.

33.     The allegations set forth in Paragraph 33 of the FAC regarding employer status consist of legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 33 of the FAC.

34.     Defendants deny that BL Restaurants Holding, LLC is a corporation; it is a limited liability company.   Defendants also deny that BL Restaurants Holding, LLC's registered agent in Florida is correctly identified.   Defendants also deny that BL Restaurants Holding, LLC's principal place of business is in Glenview, Illinois.   Defendants admit that BL Restaurants Holding, LLC is organized and exists under the laws of Delaware.

35.     Defendants admit that BL Restaurants Holding, LLC owns 100% of the membership interests of BL Restaurant Operations, LLC.   Defendants deny the remaining allegations set forth in Paragraph 35 of the FAC.

36.     Defendants deny that BL Restaurants Holding, LLC has gross sales in excess of $500,000 per year.   The allegations set forth in Paragraph 36 of the FAC regarding interstate commerce consist of legal conclusions to which no response is required.

37.     Defendants deny the allegations set forth in Paragraph 37 of the FAC.

38.     Defendants deny the allegations set forth in Paragraph 38 of the FAC.

39.     The allegations set forth in Paragraph 39 of the FAC regarding employer status consist of legal conclusions to which no response is required.   To the extent a response is required, Defendants deny the allegations set forth in Paragraph 39 of the FAC.

40.     Defendants deny that BL Restaurant Operations, LLC is a corporation; it is a limited liability company.  Defendants also deny that BL Restaurant Operations, LLC's principal place of business is in Glenview, Illinois.  Defendants admit that BL Restaurant Operations, LLC is organized and exists under the laws of Delaware, and admits the remaining allegations set forth in Paragraph 40 of the FAC regarding BL Restaurant Operations, LLC's registered agent.

41.     Defendants deny the allegations set forth in Paragraph 41 of the FAC.

42.     Defendants admit that on May 30, 2010, BL Restaurant Operations, LLC acquired certain assets of the Bar Louie restaurant business for the approximate purchase price of $35.9 million.  Defendants deny the remaining allegations set forth in Paragraph 42 of the FAC.

43.     Defendants deny the allegations set forth in Paragraph 43 of the FAC.

44.     Defendants deny the allegations set forth in Paragraph 44 of the FAC.

45.     The allegations set forth in Paragraph 45 of the FAC regarding employer status consist of legal conclusions to which no response is required.

46.     Defendants acknowledge that Plaintiffs collectively refer to BL Restaurants Group Holding, Corp, BL Restaurants Holding, LLC, and BL Restaurant Operations, LLC as "BL RESTAURANTS" or together with all other named defendants as "BAR LOUIE" or "DEFENDANTS" in the FAC.

47.     Defendants admit the allegations set forth in Paragraph 47 of the FAC.

48.     Defendants admit the allegations set forth in Paragraph 48 of the FAC.

49.     Defendants admit the allegations set forth in Paragraph 49 of the FAC.

50.     Defendants admit the allegations set forth in Paragraph 50 of the FAC.

51.     Defendants admit that Concepts America, Inc. was formerly known as Restaurant Development, Inc.  Defendants admit the remaining allegations set forth in Paragraph 51 of the FAC.

52.     Defendants acknowledge that Plaintiffs collectively refer to Restaurants-America Consulting Group, Inc., 701 America, Inc., 706 Development, Inc., 100 Trademark, Inc., and Concepts America, Inc. as "RESTAURANTS AMERICA" or together with all other named defendants as "BAR LOUIE" or "DEFENDANTS" in the FAC.

53.     Defendants admit that before May 30, 2010, certain RESTAURANTS AMERICA (as defined in the FAC) entities owned and/or operated a chain of restaurants nationwide under the trade name Bar Louie.  Defendants deny that there were 49 such restaurants.

54.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 54 of the FAC.

55.     Defendants lack knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the FAC.

56.     The allegations set forth in Paragraph 56 of the FAC regarding employer status consist of legal conclusions to which no response is required.

57.     The allegations set forth in Paragraph 57 of the FAC regarding interstate commerce consist of legal conclusions to which no response is required.  Defendants lack knowledge or information sufficient to form a belief as to RESTAURANTS AMERICA's gross sales.

## GENERAL ALLEGATIONS

58.     Defendants admit that Plaintiffs were paid biweekly, and that at least some of Plaintiffs' paychecks indicated an hourly rate less than the Florida minimum wage.

59.     Defendants admit that Plaintiffs are/were tipped employees, and that, at times, BL Restaurant Operations, LLC applies/applied a tip credit toward payment of the minimum wage to Plaintiffs.  Defendants deny the remaining allegations set forth in Paragraph 59 of the FAC, and specifically deny that any other employees are similarly situated.

60.     Defendants deny the allegations set forth in Paragraph 60 of the FAC.

61.     Defendants deny the allegations set forth in Paragraph 61 of the FAC.

62.     Defendants admit that BL Restaurant Operations, LLC's bartenders receive tips directly from bar patrons.  Defendants deny the remaining allegations set forth in Paragraph 62 and footnote 5 of the FAC.

63.     Defendants admit that at the end of each shift, BL Restaurant Operations, LLC's servers and bartenders receive and individual "check out" report which shows the amount of tips they earned for that shift.  Defendants deny the remaining allegations set forth in Paragraph 63 of the FAC.

64.     Defendants deny the allegations set forth in Paragraph 64 of the FAC, and specifically deny that any other employees are similarly situated to Plaintiff.

65.     Defendants deny the allegations set forth in Paragraph 65 of the FAC.

66.     Defendants deny the allegations set forth in Paragraph 66 of the FAC.

67.     Defendants deny the allegations set forth in Paragraph 67 of the FAC.

68.     Defendants deny the allegations set forth in Paragraph 68 of the FAC.

69.     Defendants admit that the job duties and responsibilities of a General Manager for BL Restaurant Operations, LLC generally include, among other things, oversight of each location's profitability and other managerial duties.  Defendants deny the remaining allegations set forth in Paragraph 69 of the FAC.

70.     Defendants deny the allegations set forth in Paragraph 70 of the FAC.

71.     Defendants admit that the job duties and responsibilities of a Front of House Manager for BL Restaurant Operations, LLC generally include, among other things, server oversight, handling complaints, and matters related to dining room service.

72.     Defendants deny the allegations set forth in Paragraph 72 of the FAC.

73.     Defendants admit that the job duties and responsibilities of a Front of House Manager for BL Restaurant Operations, LLC may include, among other things, hiring and firing, payroll adjustments, scheduling, opening the restaurant, closing the restaurant, and receipt reconciliation.  Defendants deny the remaining allegations set forth in Paragraph 73 of the FAC.

74.     Defendants admit that General Managers and Front of House Managers for BL Restaurant Operations, LLC are salaried employees who may have the capacity to hire, fire, make payroll adjustments, and schedule other employees.   Defendants deny the remaining allegations set forth in Paragraph 74 of the FAC.

75.     Defendants admit that they do not claim a tip credit for managerial staff.

76.     The allegations set forth in Paragraph 76 and footnote 6 of the FAC regarding tip pools under the FLSA consist of legal conclusions to which no response is required.

77.     The allegations set forth in Paragraph 77 of the FAC regarding tip pools under the FLSA consist of legal conclusions to which no response is required.

78.     Defendants deny the allegations set forth in Paragraph 78 of the FAC, and specifically deny that Plaintiff is entitled to any relief from Defendants or that any other employees are similarly situated to Plaintiff.

79.     Defendants deny the allegations set forth in Paragraph 79 of the FAC.

## COLLECTIVE ACTION ALLEGATIONS

80.     Defendants acknowledge that Plaintiffs purport to bring this action as a collective action, but deny that: (a) Plaintiffs suffered any actionable harm for which Defendants are liable; (b) Plaintiffs are entitled to any relief from Defendants whatsoever; (c) this action is appropriate for collective action treatment; and (d) there are others who are "similarly situated" to Plaintiffs.

81.     Defendants deny the allegations set forth in Paragraph 81 of the FAC.

82.     Defendants deny the allegations set forth in Paragraph 82 of the FAC.

83.     Defendants deny the allegations set forth in Paragraph 83 of the FAC.

84.     Defendants deny the allegations set forth in Paragraph 84 of the FAC.

85.     The allegations set forth in Paragraph 85 of the FAC regarding collective representation consist of legal conclusions to which no response is required.  To the extent a response is deemed necessary, Defendants deny the allegations set forth in Paragraph 85 of the FAC.

## COUNT I

### Failure to Pay Minimum Wage in Violation of the FLSA

86.     Defendants repeat and incorporate by reference each of their responses to Paragraphs 1 through 48 of the FAC with the same force and effect as though fully set forth herein.

87.     Defendants deny the allegations set forth in Paragraph 87 of the FAC.

88.     Defendants deny the allegations set forth in Paragraph 88 of the FAC.

89.     Defendants deny the allegations set forth in Paragraph 89 of the FAC.

90.     Defendants deny the allegations set forth in Paragraph 90 of the FAC.

91.     Defendants deny the allegations set forth in Paragraph 91 of the FAC.

92.     Defendants acknowledge that Plaintiffs purport to bring their claims on behalf of similarly situated individuals pursuant to 29 U.S.C. § 216(b), but deny that: (a) Plaintiffs suffered any actionable harm for which Defendants are liable; (b) Plaintiff is entitled to any relief from Defendants whatsoever; (c) this action is appropriate for collective action treatment; and (d) there are others who are "similarly situated" to Plaintiffs.

## PRAYER FOR RELIEF

To the extent the unnumbered "WHEREFORE" clause immediately following the Prayer for Relief section of the FAC requires a response, except to admit that Plaintiffs demand judgment against Defendants for the relief set forth therein, Defendants deny the content of the unnumbered "WHEREFORE" clause and specifically deny that: (a) Plaintiffs suffered any actionable harm for which Defendants are liable; (b) Plaintiffs are entitled to any relief from Defendants whatsoever; (c) this action is appropriate for collective action treatment; and (d) there are others who are "similarly situated" to Plaintiffs.

## DEMAND FOR JURY TRIAL

Defendants acknowledge that Plaintiffs seek a trial by jury on all issues so triable.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter set forth in the FAC that has not been expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiffs' FAC fails, in whole or in part, to allege sufficient ultimate facts upon which relief can be granted, and, accordingly, must be dismissed.

2.      Plaintiffs and some or all of the allegedly "similarly situated" employees, if any, fail to state a claim.

3.     BL Restaurants Holding, LLC did not, and does not, employ Plaintiffs or any of the allegedly "similarly situated" employees.

4.     BL Restaurant Operations, LLC did not employ Plaintiffs or any of the allegedly "similarly situated" employees before May 30, 2010.

5.     Plaintiffs are not "similarly situated" to any current or former employee of Defendants.

6.     Plaintiffs have not alleged sufficient facts to justify a collective action.

7.     Plaintiffs' claims, and/or some or all of the allegedly "similarly situated" employees' claims, if any, may be barred, in whole or in part, by the applicable statute of limitations.

8.     If Plaintiffs and some or all of the allegedly "similarly situated" employees, if any, prove that Defendants acted in violation of the law, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith and based upon a reasonable belief that such action or omission was not a violation of the law.  Thus, Plaintiffs' claims and/or those of some or all of the allegedly "similarly situated" employees, if any, are barred in whole or in part by Defendants' good faith conduct.

9.     Any failure to pay Plaintiffs and/or some or all of the allegedly "similarly situated" employees" minimum wage was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor.

10.     Plaintiffs' claims, and/or some or all of the allegedly "similarly situated" employees' claims, if any, are barred in whole or in part to the extent that such claims have been waived, released, discharged, and/or abandoned, or are subject to a covenant not to sue.

11.     Plaintiffs' damages, and/or some or all of the allegedly "similarly situated" employees' claims, if any, are limited by the provisions of the FLSA.

12.     Plaintiffs' claims and/or some or all of the allegedly "similarly situated" employees' claims, if any, are barred in whole or in part by unclean hands or their inequitable or wrongful conduct.

13.     Plaintiffs' claims and/or some or all of the allegedly "similarly situated" employees' claims, if any, are barred in whole or in part by the *de minimis* doctrine and/or the provisions of the FLSA or the Portal-to-Portal Act of 1947.

14.     The claims of Plaintiffs, and/or some or all of the allegedly "similarly situated" employees' claims, if any, are barred, or recovery reduced, because:  (a) Defendants took reasonable steps to prevent and correct the conduct alleged in the FAC; (b) Plaintiffs unreasonably failed to use the preventive and corrective measures that Defendants provided; and (c) reasonable use of Defendants' procedures would have prevented at least some of the harm that Plaintiffs allegedly suffered, if any.

15.     If any damages have been sustained by Plaintiffs, or by any putative member of the purported collective action, although such is not admitted hereby or herein and is specifically denied, Defendants are entitled under the equitable doctrine of setoff and recoupment to offset all extra payments, overpayments, and/or obligations of the Plaintiffs or putative collective action members owed to Defendants against any judgment that may be entered against Defendants.

16.     Plaintiffs' claims, and the claims of each putative member of the purported collective action, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

17.     Plaintiffs' claims, and/or the claims of some or all of the allegedly "similarly situated" employees, if any, may be barred by the doctrine of estoppel.

18.     Plaintiffs and/or some or all of the allegedly "similarly situated" employees, if any, were properly compensated for any work performed; therefore, Plaintiffs' FAC is barred by the doctrine of payment.

19.     Plaintiffs and/or some or all of the allegedly "similarly situated" employees, if any, are tipped employees who customarily and regularly received more than $30 per month in tips.  BL Restaurant Operations, LLC (and BL Restaurants Holding, LLC, to the extent that it is found to be an employer of the Plaintiffs and/or some or all of the allegedly "similarly situated" employees) at all relevant times has properly taken a tip credit toward its minimum wage obligations.

## RESERVATION OF RIGHTS

Defendants reserve and do not waive all rights to amend their responses and defenses set forth above as their fact investigation and discovery in this action continues.

Dated: August 2, 2012                    Respectfully submitted,

                              s/Athalia E. Lujo
                              Anne Marie Estevez
                              Florida Bar No. 991694
                              aestevez@morganlewis.com
                              Athalia E. Lujo
                              Florida Bar No. 0028067
                              alujo@morganlewis.com
                              David H. Hill
                              Florida Bar No. 0027918
                              dhill@morganlewis.com
                              200 South Biscayne Boulevard, Suite 5300
                              Miami, Florida  33131-2339
                              Telephone:  305.415.3330
                              Facsimile:   305.415.3001

                              *Attorneys for Defendants*

16

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Benjamin Williams and Mitchell Feldman, Feldman, Fox & Morgado, P.A., 2701 N. Rocky Point Drive, Suite 1000, Tampa, Florida 33607, this 2nd day of August, 2012.

*s/Athalia E. Lujo*
Athalia E. Lujo