UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASILIKI GERONDIDAKIS, Individually, and
on behalf of All Other Similarly Situated Who
Consent to Their Inclusion in a Collective Action,

      Plaintiff,

v.                                    Case No.: 8:12-cv-00096-EAK-MAP

BL RESTAURANT OPERATIONS, LLC
and BL RESTAURANTS HOLDING, LLC,

      Defendant.

_____/

### DECLARATION OF MELISSA (BEGLEY) HEPWORTH

Pursuant to 28 U.S.C. §1746, I, MELISSA BEGLEY, declare the following:

1. I am over the age of 18, am competent to testify to the following from my personal experience and knowledge, and declare as follows:

2. I began my employment with Bar Louie Dayton in December 2006. I was employed there until June 2008, when I moved to Orlando, FL. I began employment at Bar Louie Orlando in December 2008, where I worked until December 2011.

3. While working at Bar Louie Dayton, I worked for the following managers: Dan Bowmen – General Manager; Bill Cochron – General Manager; Jeff Preston – Manager; Rammy (last name unknown) – General Manager and Kat (last name unknown) – Manager.

4. While working at Bar Louie Orlando, I worked for the following managers: Rosie Grantham – Manager; Sheila Sullivan – Manager; Mike Murray – Manager; Dustin Dykstra – General Manager; Michael Besch – Bar Manager; Sunshine Gutierrez – Manager; Tim Dumansky – General Manager; Felix (last name unknown) – Manager; Samantha Hafner – Manager;

5. I would work four (4) to five (5) shifts per week depending on availability. In Bar Louie Dayton, I was employed as a server. In Bar Louie Orlando, I was employed as a bartender.

6. My duties as a server included, but were not limited to: serving food and drink to guests; cleaning the restaurant; performing opening and closing procedures; and guest services.

7. My duties as a bartender included, but were not limited to: mixing and serving drinks for guests, opening and closing the bar, and entertaining guests.

8. My rate of pay at the end of my employment was $4.23. As a server, I would earn approximately $600 per week in tips. After I became a bartender, I would earn around $800 to $1000 in tips per week.

9. As a server, a percentage of my sales and tips would go to the bar area. This money was shared between the bartenders and the managers on duty.

10. As a bartender, I was required to share tips with the managers working bartending shifts. The sharing was based on how many hours scheduled, although the managers were often away from the bar away and not tending bar.

11. During weekday shifts, many times the manager was "bartending" and was also the only manager on duty at the time. When the managers worked a bartender shift, they continued to perform managerial duties, such as but not limited to: check-outs for servers; void server transactions; perform table visits; help out the front door; and scheduling and ordering in the back office.

12. Although the managers never stayed behind the bar for their whole shift, they still received a full tip share as if they had.

13. I made several oral complaints with my fellow employees. The typical response received was that this is the way it was, and that we could get another job if we didn't like it. I was told that we should feel "privileged" to work there.

14. Near the beginning of my employment, Dustin Dykstra held a meeting with the other bartenders to inform us that a new law may be passed that made it illegal for bartenders to participate in tip sharing. Dustin Dykstra said that tip sharing would continue as it has been until corporate said to stop.

15. At the end of 2011, Tim Dumansky began enforcing a rule that no managers may work bar shifts and participate in tip sharing. I was informed by Dumansky that it was illegal

for salaried managers to collect tips from tipped employees. I was told that it was a corporate decision that was going to be enforced at all Bar Louie restaurants.

16. When I ended my employment in December 2011, some managers were still working one (1) shift behind the bar each week.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17 day of August, 2012.

MELISSA (BEGLEY) HEPWORTH

4841-2379-5982, v. 1

3